```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                 Case No. 19-04965-RNO
Linda Ann Cedeno                                                       Chapter 13
        Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-5         User: AutoDocke              Page 1 of 2            Date Rcvd: Jan 15, 2020
                             Form ID: pdf002              Total Noticed: 39
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 17, 2020.
```
db         +Linda Ann Cedeno,    133 Cedar Drive,    Long Pond, PA 18334-7887
5287794    +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
5284776    +CFAM Financial Services, LLC,    PO BOX 9300,    San Juan PR 00908-0300
5272945    +CREDIT ACCEPTANCE,    ATTENTION: OPERATIONS SUPPORT,    PO BOX 513,    SOUTHFIELD, MI 48037-0513
5272946    +DSNB/MACYS,    PO BOX 8218,    MASON, OH 45040-8218
5272947    +EMERALD LAKES ASSOCIATION,    1112 GLADE DRIVE,    LONG POND, PA 18334-7904
5272948     EUGENE MAYO,    133 CEDAR DRIVE,    LONG POND, PA 18334-7887
5272949     FIRST PREMIER,    3820 N LOUISE AVENUE,    SIOUX FALLS, SD 57107-0145
5286830    +Harley-Davidson Credit Corp.,    PO Box 9013,    Addison, Texas 75001-9013
5272953    +KML LAW GROUP,    STE 5000-BNY INDEPEN CTR,    701 MARKET STREET,    PHILADELPHIA, PA 19106-1538
5272954    +MIDLAND FUNDING,    320 EAST BIG BEAVER,    TROY, MI 48083-1271
5272955    +MR COOPER,    PO BOX 619094,    DALLAS, TX 75261-9094
5272957     NATIONSTAR MORTGAGE,    8950 CYPRESS WATERS BLVD,    IRVING, TX 75063
5290361    +Nationstar Mortgage LLC dba Mr. Cooper,    P.O. Box 619096,    Dallas, TX 75261-9096
5272958     PPL ELECTRIC UTILITIES,    827 HOUSMAN ROAD,    ALLENTOWN, PA 18104-9392
5272959    +PROGRESSIVE INSURANCE,    C/O CAINE & WEINER,    PO BOX 55848,    SHERMAN OAKS, CA 91413-0848
5272960    +RUBIN & ROTHMAN LLC,    PO BOX 9003,    ISLANDIA, NY 11749-9003
5272961     SANTANDER CONSUMER USA,    ATTN BANKRUPTCY DEPT,    PO BOX 560284,    DALLAS, TX 75356-0284
5272963    +STEPHEN EISTEIN & ASSOCIATES PC,    39 BROADWAY SUITE 1250,    NEW YORK, NY 10006-3089
5272966     THE HOME DEPOT/CBNA,    PO BOX 6497,    SIOUX FALLS, SD 57117-6497
5272967     VERIZON,    C/O EOS CCA,    PO BOX 981008,    BOSTON, MA 02298-1008
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr         +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 15 2020 21:02:33
             PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5272943     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 15 2020 20:50:25     CAPITAL ONE,
             PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5272944     E-mail/PDF: AIS.COAF.EBN@Americaninfosource.com Jan 15 2020 20:49:48
             CAPITAL ONE AUTO FINANCE,    PO BOX 60511,    CITY OF INDUSTRY, CA 91716-0511
5280564     E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 15 2020 20:48:18
             Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
             Charlotte, NC 28272-1083
5281657    +E-mail/Text: G06041@att.com Jan 15 2020 20:45:21     Directv, LLC,
             by American InfoSource as agent,    PO Box 5072,    Carol Stream, IL 60197-5072
5272950     E-mail/Text: bankruptcy@sccompanies.com Jan 15 2020 20:45:48     GINNYS,    1112 7TH AVENUE,
             MONROE, WI 53566-1364
5283428    +E-mail/Text: bankruptcy@sccompanies.com Jan 15 2020 20:45:48     Ginny's,
             c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
5272951    +E-mail/Text: bankruptcy.notices@hdfsi.com Jan 15 2020 20:45:34     HARLEY DAVIDSON FINANCIAL,
             4150 TECHNOLOGY WAY,    CARSON CITY, NV 89706-2026
5272952     E-mail/Text: cio.bncmail@irs.gov Jan 15 2020 20:44:08     IRS,    CENTRALIZED INSOLVENCY OP,
             PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5272956    +E-mail/Text: Bankruptcies@nragroup.com Jan 15 2020 20:45:44     NATIONAL GRID NY,
             C/O NATIONAL RECOVERY AGENCY,    2491 PAXTON STREET,    HARRISBURG, PA 17111-1036
5286795    +E-mail/Text: apbankruptcy@us.ngrid.com Jan 15 2020 20:45:46     National Grid,
             300 Erie Blvd West,    Syracuse, NY 13202-4250
5272962     E-mail/Text: bankruptcy@sccompanies.com Jan 15 2020 20:45:48     SEVENTH AVENUE,
             1112 7TH AVENUE,    MONROE, WI 53566-1364
5272964    +E-mail/Text: bankruptcy@sccompanies.com Jan 15 2020 20:45:48     SWISS COLONY,
             1112 7TH AVENUE,    MONROE, WI 53566-1364
5272965     E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:49:11     SYNCHRONY BANK,
             ATTN BANKRUPTCY DEPT,    PO BOX 965061,    ORLANDO, FL 32896-5061
5283427    +E-mail/Text: bankruptcy@sccompanies.com Jan 15 2020 20:45:48     Seventh Avenue,
             c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
5273753    +E-mail/PDF: gecsedi@recoverycorp.com Jan 15 2020 20:49:11     Synchrony Bank,
             c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5283429    +E-mail/Text: bankruptcy@sccompanies.com Jan 15 2020 20:45:48     The Swiss Colony,
             c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
5272968    +E-mail/Text: bnc-bluestem@quantum3group.com Jan 15 2020 20:45:32     WEB BANK/FINGERHUT,
             6250 RIDGEWOOD ROAD,    SAINT CLOUD, MN 56303-0820
                                                                                             TOTAL: 18

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 17, 2020                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 15, 2020 at the address(es) listed below:

      Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
      James Warmbrodt   on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com
      United States Trustee   ustpregion03.ha.ecf@usdoj.gov
      Vincent Rubino   on behalf of Debtor 1 Linda Ann Cedeno lhochmuth@newmanwilliams.com;mdaniels@newmanwilliams.com;lbeaton@newmanwilliams.com;rkidwell@newmanwilliams.com;swiggins@newmanwilliams.com

      TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Linda Ann Cedeno,<br>Aka Linda A. Cedeno,<br>Aka Linda Cedeno,<br>Debtors | CHAPTER 13<br><br>CASE NO.<br><br>  X  ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>  2  Number of Motions to Avoid Liens<br>  2  Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

        1. To date, the Debtor paid **$0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$31,200.00**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **12/2019** | **11/2024** | **$520.00** | **N/A** | **$520.00** | **$31,200.00** |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $31,200.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  (X ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   (   ) Debtor is over median income.  Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  x    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

  ___  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

2

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   __x__ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   ____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

   | Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
   |---|---|---|
   |  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   ____ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   __x__ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

   | Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
   |---|---|---|
   | **Mr. Cooper** | **1ST mortgage on 133 Cedar Drive, Long Pond, PA 18334** | **5147** |
   |  |  |  |

**C. Arrears, including, but not limited to, claims secured by Debtor's principal residence.**
*Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

_x_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Mr. Cooper** | 1st mortgage on 133 Cedar Drive, Long Pond, PA 18334 | $17263.20 | $0.00 | $17263.20 |
| | | | | |

**D. Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

___ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

_x_ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

4

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Emerald Lakes Assoc. | POA dues on 133 Cedar Drive, Long Pond, PA 18334 | $3,225.43 | 0% | $3,225.43 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

  X   None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

       Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

       None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

  X   The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **Harley Davidson Financial** | **Loan on 2013 Harley-Davidson Street Bob Motorcycle** |
| **Santander Consumer USA** | **Auto loan on 2007 Toyota Camry** |

5


G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

        None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

  x  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder. | Credit Accept. Corp. | Capital One Auto Finance | |
|---|---|---|---|
| Lien Description. (For a judicial lien, include court and docket number.) | Judgment entered; Ind#075847-05; CivCtNYC-Queens | Judgment entered; Ind#010304-11; CivCtNYC-Queens | |
| Description of the liened property. | 133 Cedar Dr., Long Pond, PA | 133 Cedar Dr., Long Pond, PA | |
| Liened Asset Value | $180,000.00 | $180,000.00 | |
| Sum of Senior Liens | $188,866.95 | $188,866.95 | |
| Exemption Claimed | $1.00 | $1.00 | |
| Amount of Lien | $10,279.00 | $12,865.14 | |
| Amount Avoided | $10,279.00 | $12,865.14 | |

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

    1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. Attorney's fees. Complete only one of the following options:

        a. In addition to the retainer of **$500.**00 already paid by the Debtor, the amount of **$3,500.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.

6

*Check one of the following two lines.*

__x__ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

B. **Priority Claims (including certain Domestic Support Obligations)**.

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| IRS | $2,950.00 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

__x__ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   __x__ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special |  | Estimated | Interest | Estimated |
|---|---|---|---|---|---|

7

|  | **Classification** |  | **Amount of Claim** | **Rate** | **Total Payment** |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   _x_   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___   The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| **Name of Creditor** | **Description of Contract or Lease** | **Monthly Payment** | **Interest Rate** | **Estimated Arrears** | **Total Plan Payment** | **Assume or Reject** |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   _x_ plan confirmation.
   ___ entry of discharge.
   ___ closing of case:

7. **DISCHARGE: (Check one)**

   (X)   The debtor will seek a discharge pursuant to § 1328(a).
   ( )   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

8

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $   -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 3,500.00 | |
| Level 3 | Domestic Support Obligations | $   -0- | |
| Level 4 | Priority claims, pro rata | $ 2,950.00 | |
| Level 5 | Secured claims, pro rata | $ 20,488.63 | |
| Level 6 | Specially classified unsecured claims | $   -0- | |
| Level 7 | General unsecured claims | $ 1,425.01 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $   -0- | |
| | Subtotal | | $28,363.64 |
| | Trustee Commission | $ 2,836.36 | |
| | Total | | $31,200.00 |

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

A. This Chapter 13 Plan provides a distribution chart in Section 8 above that provides estimated distributions to classes of creditors and the Trustee, in addition to all information indicated in the Model Plan.


Dated: 11/19/19          /s/ Vincent Rubino
                         VINCENT RUBINO, ESQ., Attorney for Debtor


                         /s/ Linda Ann Cedeno
                         Linda Ann Cedeno, Debtor

9

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.